STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. AP-13-004
                                                  JON-YOR-9/16/2013

DUBOIS LIVESTOCK, INC. aka        )
DUBOIS LIVESTOCK &                )
EXCAVATING, INC.,                 )
                                  )
              Plaintiff,          )
                                  )
       v.                         )               ORDER
                                  )
TOWN OF ARUNDEL, TOWN OF          )
ARUNDEL CODE ENFORCEMENT          )
OFFICER JAMES NAGLE, AND          )
TOWN OF ARUNDEL ZONING            )
BOARD OF APPEALS,                 )
                                  )
              Defendants.         )


I.     Background

       Petitioner, Dubois Livestock, Inc., operates a composting operation in Arundel,

Maine off of Irving Road on a six-acre parcel owned by Randrick Trust. (ZBA Findings

of Fact, Jan. 24, 2013, ¶ 1.) The composting operation was deemed to be a solid waste

processing facility by the Arundel Planning Board, a use not permitted in the R-4 zone.

Id. at ¶ 2. However, the facility was permitted at the time the processing facility opened.

Id. Because the operation was permitted prior to the enactment of the ordinance, the

Arundel Planning Board granted Petitioner a Conditional Use Permit for nonconforming

use. Id. at ¶ 3. The most recent Conditional Use Permit was granted on February 24,

2011, and contained a number of conditions. Id. Among the conditions were the

following:

       -   Condition #7 which required Petitioner to provide the Town with bills of

           lading and an annual summary report, no later than March 1st of each year,

1

documenting the amount of material imported to the processing facility during the preceding calendar year. Id. at ¶ 4.

- Condition #9 which required the CEO and Town Planner to make annual inspections of the facility with representatives of Dubois Livestock to insure: that the bituminous pad on which the compost is processed remains intact; that all facilities and infrastructure are maintained in working order; and that the facility is in compliance with all requirements of the Conditional Use Permit. Id. at ¶ 5.

Petitioners did not appeal the conditions placed on the Conditional Use Permit within the 30 days required by M.R. Civ.P. 80B and the LUO. Petitioner did acquire, and provide to the Arundel Planning Board a letter each from the Maine Department of Environmental Protection dated December 13, 2011, and the Maine Department of Agriculture dated July 19, 2011, categorizing the facility as an agricultural composting operation.

The CEO and Town Planner sought to inspect the property pursuant to Condition #9 and to collect the documentation pursuant to Condition #7. By letters from Petitioner to the Town dated October 19, 2012 and November 7, 2012; and later by admission in front of the Zoning Board of Appeals, Petitioner expressed its refusal to comply. Id. at ¶¶ 6, 7. Based on Petitioner's refusal to comply with the conditions of the Conditional Use Permit, the CEO issued the Notice of Violation on October 30, 2012. Id. at ¶ 9. Petitioner appealed the Notice of Violation on Nov. 29, 2012. The Zoning Board of Appeals held a hearing, issued a Notice of Decision on January 11, 2013 and Findings of Facts and

2

Conclusions on January 24, 2013 affirming the Notice of Violation. Petitioner appeals the decision to the Zoning Board of Appeals.

II. Standard of Review

The Court reviews a decision of a state agency solely for "whether the [agency] correctly applied the law and whether its fact findings are supported by any competent evidence." McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court must affirm the agency's finding of fact unless they are clearly erroneous. 5 M.R.S. § 11007(3) (2011); Green v. Comm'r of the Dep't of Mental Health, 2001 ME 86, ¶ 9, 776 A.2d 612. Matters of law are determined *de novo* and the burden of persuasion is born by the party seeking to vacate the agency's decision. H.E. Sargent, Inc. v Town of Wells, 676 A.2d 920, 923 (Me. 1996); Bizier v. Town of Turner, 2011 ME 116, ¶8, 32 A.3d 1048; Anderson v. Me. Pub. Employees Ret. Sys, 2009 ME 134, ¶3, 985 A.2d 501.

III. Discussion

a. Categorization

Petitioner claims that it refused to comply with Condition #7 and Condition #9 of the Conditional Use Permit because it had been improperly categorized as a solid waste facility and as a processing facility. Petitioner claimed that instead it should be categorized as an agricultural composting operation. Because Petitioner's operation should have been categorized as an agricultural composting operation and not a solid waste facility or processing facility, Petitioner argues that the operation is not nonconforming and therefore there should be no conditions on its permit.[1]

---

[1] Pursuant to LUO § 10.3.C and M.R. Civ. P. 80B, a petitioner has 30 days to appeal a decision by the CEO, the Planning Board, or Review Board. Petitioner failed to appeal the conditions placed on its

3

The Arundel Land Use Ordinance (LUO) defines the terms Agriculture, Agricultural Processing and Demonstration Facility, Solid Waste, Solid Waste Facility, and Processing Facility as follows:

- "Agriculture: The cultivation of soil, producing or raising crops, including gardening, as a commercial operation..."
- "Agricultural Processing and Demonstration Facility: An agricultural facility with a demonstration component which processes a substance produced by living animals (e.g. eggs, milk, wool, honey, beeswax, etc.) and produces a finished product suitable for sale to the general public. The use shall have an educational program which demonstrates, among other things, the entire source to consumer cycle of the primary product. The use may include a small percentage of related items offered for sale as an accessory use, provided that the overwhelming percentage of the retail product mix consists of items produced (or used in the production process) on-site."
- "Solid Waste: Solid, material with insufficient liquid content to be free flowing, including but not limited to rubbish, garbage, refuse-derived fuel, scrap materials, junk, refuse, inert fill material, and landscape refuse..."
- "Solid Waste Facility: Any land area, structure, location, equipment or combination of them, used for the handling of solid waste. These include but are not limited to solid waste transfer stations, landfills, incinerators, processing facilities, storage facilities and agronomic utilization sites..."
- "Processing Facility: Any land area, structure, equipment, machine, device, system, or combination thereof, other than incinerators, which is operated to reduce the volume or change the chemical or physical characteristics of solid waste. Processing facilities include but are not limited to facilities which employ ... composting or other stabilization techniques to reduce or otherwise change the nature of solid waste. Composting of animal manure generated on the site shall not constitute a processing facility."

Arundel Land Use Ordinance § 2.2. There is no definition for the term Agricultural Composting Facility. Petitioners facility does not fit into either the definition for Agriculture or Agricultural Processing and Demonstration Facility because Petitioner does not cultivate land or use products of live animals to create a marketable good.

Conditional Use Permit. Petitioner's failure to file a timely appeal bars the review of this issue now. Nonetheless, the court reviews Petitioner's appeal on the merits.

The court finds that there is sufficient evidence to support the finding of the ZBA that Petitioner's operation is a processing facility of solid waste. Petitioner's facility composts horse manure bedding and fish waste generated off-site. The court finds that there is sufficient evidence to support the ZBA's finding that these materials constitute "solid waste" under LUO and that by composting such waste Petitioner is both a "solid waste facility" and a "processing facility".[2] (ZBA, Conclusions, Jan. 24, 2013, ¶ 3.) Because there is sufficient evidence to find Petitioner's facility is a solid waste facility and a processing facility, and it is in the R-4 zone which does not allow for such facilities pursuant to the LUO, it was rightfully granted a conditional use permit subject to conditions including Condition #7 and Condition #9.

b. Preemption

Petitioner also argues that the conditions should not apply because regulation of composting facilities by the Town of Arundel is preempted by Maine Agricultural Protection Act (MAPA) and the Solid Waste Management Act. 7 M.R.S. § 153 (2012); 38 M.R.S § 1310-C (2012). According to 30-A M.R.S. §3001, municipalities have broad discretion to enact ordinances "unless the municipal ordinance in question would frustrate the purpose of any state law." 30-A M.R.S. §3001(3) (2012). The Law Court explained the "Home Rule" in Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden:

> "Thus, the inquiry on a preemption question is whether the local action "would frustrate the purpose of any state law." Interpreting section 3001(3) in *School Comm. of Town of York v. Town of York*, 626 A.2d 935 (Me.1993), we stated that municipal action will be viewed as preempted only where application of the municipal ordinance prevents the efficient

---

[2] Evidence in support of the ZBA's finding is that the material used for composting by Petitioner is "material with insufficient liquid content to be free flowing", it comes from off-site, and Petitioner composts the waste in order to change the nature of the waste.

accomplishment of a defined state purpose. We also indicated that an action under a municipal ordinance will be preempted only when state law is interpreted to "create a comprehensive and exclusive regulatory scheme" inconsistent with the local action."

Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden, 2000 ME 179, ¶ 27, 760 A.2d 257, 263-64, citations omitted. In Sawyer, the Law Court found that an ordinance completely banning all new or expanded landfills did interfere with the Solid Waste Management Act and therefore was preempted. Id. at ¶ 33. Conversely, in E. Perry Iron & Metal Co., Inc. v. City of Portland, the Law Court held that the regulation of scrap metal recycling did not frustrate the purpose of the Solid Waste Management Act, and therefore was not preempted. In E. Perry Iron & Metal Co., the Law Court described how to discern whether local regulations are "stricter" than the standards imposed by the Solid Waste Management Act:

"The mere fact that a local ordinance may establish a procedure that is more rigorous than the State's procedures does not, ipso facto, render the ... ordinance invalid. In contrast, if a specific provision of a local ordinance established a quantitative standard that was more strict than that provided by the Solid Waste Act, that provision would not be enforceable. In this instance, the extensive testing requirements of the ... ordinance cannot be said to be more strict than any standard established by the Solid Waste Act. They may be more extensive, and perhaps more expensive, but these factors do not constitute quantitative environmental standards that can be said to be more "strict" than anything prescribed by statute or rule."

E. Perry Iron & Metal Co., Inc. v. City of Portland, 2008 ME 10, ¶ 23, 941 A.2d 457, 464.

The Neither the standards of the Land Use Ordinance nor the Conditions imposed by the Conditional Use Permit are more strict than those imposed by the Solid Waste Management Act. The court affirms the ZBA's conclusion that it does not have jurisdiction to determine issues of preemption, and concludes that

6

the purpose of the Solid Waste Management Act is not frustrated by the conditions imposed upon Petitioner's conditional use permit.

The court concludes that the purpose of MAPA is not frustrated by Town regulation or the conditions imposed upon Petitioner's conditional use permit. Similar to the reasoning above, the conditions imposed by the Town are not more "strict" than those imposed by MAPA, nor do they frustrate the purpose of the act.[3]

IV.    Conclusion

The court AFFIRMS the decision of the Zoning Board of Appeals.

DATE:    9/16/13    _____
John O'Neil, Jr.
Justice, Superior Court

---

[3] The stated purpose of MAPA is: "A farm, farm operation or agricultural composting operation may not be considered a public or private nuisance under Title 17, chapter 91 if the farm, farm operation or agricultural composting operation alleged to be a nuisance is in compliance with applicable state and federal laws, rules and regulations". 7 M.R.S. § 153 (2012).

7

ATTORNEY FOR PLAINTIFFS':
ELLIOTT R. TEEL, ESQ.
P.O. BOX 5072
PORTLAND, ME 04101

JOHN H. BRANSON, ESQ. (LIMITED)
BRANSON LAW OFFICE P.A.
P.O. BOX 7526
PORTLAND, ME 04112

SCOTT GIESE, ESQ. (RETAINED 5/13/13)
160 MAIN STREET, SUITE 101
BIDDEFORD, ME 04005


ATTORNEY FOR DEFENDANTS':
LEAH B. RACHIN, ESQ.
BERGEN & PARKINSON, LLC
62 PORTLAND ROAD, SUITE 25
PORTLAND, ME 04043